IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Erin Leon Himes | ) | C/A No. 2:20-4446-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Sergeant Judd, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

This matter is before the court for review of the August 30, 2021 Report and Recommendation (the "Report") of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C). [ECF No. 15.]

**PROCEDURAL BACKGROUND**

Plaintiff Erin Leon Himes ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed this civil action pursuant to 42 U.S.C. § 1983. *See* [ECF No. 1, Compl.] Upon an initial review of the allegations contained in Plaintiff's complaint, the Magistrate Judge issued an order notifying Plaintiff that his Complaint was subject to summary dismissal for failure to state a claim upon which relief may be granted. [ECF No. 6.] The Magistrate Judge granted Plaintiff twenty-one days to file an amended complaint and cure the deficiencies identified in the order. *See id.* Instead of filing an amended complaint, Plaintiff filed a motion to appoint counsel, where he indicated that he did not understand the order's instructions and needed an "illustration" of how to complete a § 1983 form. *See* [ECF No. 10.]

On March 3, 2021, the Magistrate Judge denied the motion to appoint counsel, but provided Plaintiff additional guidance for remedying the deficiencies identified in his complaint and granted

1

him until March 30, 2021, to file an amended complaint. [ECF No. 12.] The Magistrate Judge also warned Plaintiff that failure to file an amended complaint would result in a recommendation of dismissal with prejudice, and the court attached a blank "Complaint for Violation of Civil Rights" form to the order for Plaintiff's convenience. *See id.* Again, Plaintiff failed to file an amended complaint. As a result, on August 30, 2021, the Magistrate Judge issued the Report that is the subject of this Order. In the Report, the Magistrate Judge recommends dismissal of this case with prejudice for Plaintiff's failure to state an actionable claim under § 1983. *See* [ECF No. 15 at 4–6.]

## REVIEW OF A MAGISTRATE JUDGE'S REPORT

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of only those portions of the Report that have been specifically objected to, and the court may accept, reject, or modify the Report, in whole or in part. 28 U.S.C. § 636(b)(1). In the absence of objections, the court is not required to provide an explanation for adopting the Report and must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (citing Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

The record reflects that Plaintiff did not receive a copy of the Magistrate Judge's Report, as the mailing was returned to the court as undeliverable. *See* [ECF No. 17.] Plaintiff, however, has failed to notify the court of any change in address, despite being previously informed of his responsibility to do so. *See* [ECF No. 6 at 4.] Nor has he filed an amended complaint, despite two

prior orders (which were not returned as undeliverable mail) instructing him to file an amended complaint curing the deficiencies identified in his original complaint and warning him that failure to do so could result in dismissal with prejudice. *See* [ECF Nos. 6, 12.] Due to Plaintiff's failure to file an amended complaint, despite being afforded several opportunities to do so, the court adopts the Report's recommendation to summarily dismiss this action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## CONCLUSION

After a thorough review of the Report, the applicable law, and the record of this case, the court adopts the Report, ECF No. 15, and incorporates the Report by reference herein. Accordingly, this action is **DISMISSED** with prejudice and without issuance and service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS SO ORDERED.**

April 14, 2022
Florence, South Carolina

/s/Sherri A. Lydon
Sherri A. Lydon
United States District Judge